IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS F. MOODY, #191 107,   )
                                   )
    Plaintiff,             )
                                   )
    v.                    )    CASE NO. 2:21-cv-193-MHT-JTA
                                 )          [WO]
WARDEN HEADLEY OF VENTRESS )
CORRECTIONAL FACILTY, et al.,  )
                                 )
    Defendants.         )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Thomas Moody filed this 42 U.S.C. § 1983 action, appearing *pro se*, on March 5, 2021.  Doc. 1.  Defendant Headley has since filed an answer, written report, and supporting evidentiary materials denying Plaintiff's allegations in the Complaint.[1]  Doc. 13. On June 17, 2021, the Court instructed Plaintiff to file a response to Defendant's materials by July 8, 2021. Doc. 14. The Court cautioned Plaintiff, his failure to file a response would result in a recommendation this case be dismissed for failure to prosecute. *Id*. To date, Plaintiff has not filed a response to Defendant's materials or otherwise complied with the Court's June 17, 2021, Order.

---

[1] Plaintiff also named Officer Beawy as a defendant.  On April 7, 2021, Defendant Beawy's copy of the service package containing the Complaint and Order of Procedure was returned to the Court marked as undeliverable.  On April 7, 2021, the Court granted Plaintiff an opportunity to provide either a correct address or the correct identity of Defendant Beawy and informed him if Defendant Beawy was not served he would not be a party to this cause of action.  Doc. 8.  Plaintiff filed no response to the April 7, 2021, Order.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order.  *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).  Here, the undersigned finds that Plaintiff has willfully failed to file a response in compliance with the Court's June 17, 2021, Order.  Considering Plaintiff's disregard for the orders of this Court, the undersigned further finds sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

The parties may file any objections to the Recommendation **by August 31, 2021**. Any objections filed by a party must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-

1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

     DONE this 16th day of August, 2021.


_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE